Edward K. SHIGEMURA,
Plaintiff–Appellant,

v.

Diane DUFT, et al., Defendants–
Appellees.

No. 03–3527.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 28, 2004.*

Decided Sept. 30, 2004.

Edward K. Shigemura, Jefferson City, MO, pro se.

Deborah L. Ahlstrand, Chicago, IL, for Defendants–Appellees.

Before POSNER, ROVNER, and WILLIAMS, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Edward K. Shigemura sued Illinois jailers under 42 U.S.C. § 1983 for revoking three months of good-time credits without due process. He claimed that the defendants denied him the right to call witnesses at a disciplinary hearing and that they subsequently increased his punishment on remand without holding a new hearing. The district court granted summary judgment for defendants. We reverse and remand.

Shigemura was cited by his computer instructor at Graham Correctional Center, Sharon Weaver, for abuse of privileges and disobeying a direct order during a class in August 1999 because he tried to access the computer system in an unauthorized manner. Weaver wrote out a disciplinary report explaining that Shigemura tried to access the computer network with the supervisor's password and triggered an intruder alarm.

After the incident a guard read the charges to Shigemura, who in turn signed the disciplinary report. On the bottom of the disciplinary report, Shigemura noted that he wanted the adjustment committee to call Weaver as a witness to testify about "how computers work." Shigemura alleges that he also told the guard that he wanted eyewitness testimony to be presented by an inmate named "Spence" or "Spencey," but he did not know Spence's full name or inmate number. Shigemura says that the guard told him to tell the committee, so Shigemura did not write Spence's name on the disciplinary report.

At the hearing Shigemura admitted triggering an intruder alarm but said it was an accident due to a computer malfunction. He alleges that he asked at the hearing for Weaver and Spence to testify but the committee denied his requests. Weaver did not appear at the hearing, and Shigemura later stated in an administrative grievance that the disciplinary committee spoke to Weaver on the telephone for ten minutes when he was out of the hearing room. Based on this conversation with Weaver and on her disciplinary report, the committee found Shigemura guilty of both charges. The committee recommended that Shigemura serve 15 days in segregation and be demoted to C-grade status for 30 days.

Following the ruling, Graham's Warden Anthony Suggs remanded the matter for a review of punishment because, he believed, the committee did not know that Shigemura was a prior offender. Without notifying Shigemura or holding a hearing, the committee again contacted Weaver, who confirmed that Shigemura had committed prior offenses. Based on this new information the committee decided to strip away three months of Shigemura's good-time credits and increase his segregation and grade demotion to three months each.

Shigemura pursued an administrative grievance, which ultimately resulted in the restoration of his good-time credits, although the administrative appeals board upheld the determination of guilt. However, because the administrative appeal was not resolved until March 2000, after Shigemura's mandatory release date, Shigemura's good-time credits were restored after he had already gotten out. He would have gotten out on supervised release three months earlier had the credits never been revoked.

Shigemura then filed this suit under section 1983. The district court granted summary judgement for the defendants. The court acknowledged that earned good-time credits may not be revoked without due process, *Wolff v. McDonnell,* 418 U.S. 539, 563–72, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), but concluded that Shigemura got all the process that was due. First, his

right to call witnesses at the initial hearing was not denied because he did not follow prison regulations requiring him to write Spence's name on the disciplinary report, and refusal to call Weaver's testimony was merely harmless error because any testimony she might give about "how computers work" could not change the outcome. Next, the court concluded that Shigemura was not owed another round of due process protection before his punishment was increased to include loss of good time. According to the court, the committee on remand considered only more testimony from Weaver about the initial charge, the basis for her belief that Shigemura was trying to break into the system, and what might have happened if he had been successful. In the court's view, there was no new information that addressed Shigemura's guilt or innocence, just a reconsideration of the gravity of the offense. Additionally, the court held that Shigemura's reliance on state statutes for the right to a rehearing was misplaced because *Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), directs courts to look at the nature of the interest rather than the language of state statutes.

Revocation of good-time credits is the only deprivation of a recognized liberty interest in this case. Even though the administrative appeals board restored the good-time credits, defendants properly concede that Shigemura suffered an actual increase in his sentence and therefore a deprivation of a liberty interest. *See Morissette v. Peters*, 45 F.3d 1119, 1122 n. 4 (7th Cir.1995).

■ The first issue Shigemura raises on appeal is whether the defendants denied him due process by refusing him the right to call Weaver and Spence as witnesses at the first hearing. Both sides believe that all the protections of *Wolff*, 418 U.S. at 563–72, were due at this hearing because that hearing was the predicate for deprivation of good-time credits on remand. We agree with the district court, however, that the committee did not deny Shigemura the right to call witnesses within the meaning of *Wolff*. First, Shigemura did not properly call Spence as a witness. Shigemura did not list Spence on the disciplinary report when he signed it as he was required to do. 20 Ill. Admin. Code 504.80(f)(2); *see Hamilton v. O'Leary*, 976 F.2d 341, 346–47 (7th Cir.1992). An inmate cannot wait until the day of the hearing to request witnesses. *Sweeney v. Parke*, 113 F.3d 716, 719–20 (7th Cir.1997), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 765–66 (7th Cir.2001). Second, although Shigemura did adhere to regulations when he called Weaver, he had no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary (in the sense that the testimony could not change the outcome). *Piggie v. Cotton*, 344 F.3d 674, 677–78 (7th Cir.2003). Shigemura does not adequately explain how Weaver's testimony about "how computers work" could have changed the outcome, given that she had already told the committee that she thought he was trying to break into the computer system on purpose. *See id.* Indeed, Shigemura had no right to confront or cross-examine Weaver to undermine her statements against him. *Wolff*, 418 U.S. at 568–69.

■ The second and more important argument Shigemura raises on appeal is that the defendants denied him due process on remand by considering new evidence of prior offenses and the seriousness of his infraction and revoking good-time credits based on this new evidence without holding a hearing. The defendants concede that on remand of his case, Shigemura never received notice or an opportunity to be heard.

At the outset, we agree with the district court that any new charges resulting in the loss of good time would require an entirely new round of protections under *Wolff* for Shigemura. *Wolff*, 418 U.S. at 563–72; *see Rasheed–Bey v. Duckworth*, 969 F.2d 357, 362 (7th Cir.1992) (noting that the purpose of notice is to ensure that the prisoner can prepare a defense on the underlying facts of the charge). However, we cannot agree with the district court that this remand was nothing more than a "reconsideration of the gravity of the offense" with "no new information regarding the plaintiff's guilt or innocence." According to the affidavits of defendants Diane Duft and Anthony Suggs, the committee on remand considered information from Weaver that Shigemura had committed prior offenses that it had never heard involving attempts to break into the computer system. As Duft assented, the purpose of the warden's remand was to review the case because "Shigemura was a repeat offender." "The committee was not provided with this information previously," she explains. Duft's affidavit elaborates that the committee contacted Weaver again during the remand, and that Weaver "advised the committee that Inmate Shigemura had at-tempted to break into the computer system on previous occasions. . . ." "Based on Weaver's new information," Duft wrote, "the committee recommended discipline that included 90 days loss of good conduct credits." Although the district court is correct that the summary report from the initial hearing says that Weaver had already told the committee that Shigemura had tried to break into the computer system "previously," Duft's affidavit explains that, during that first hearing, Weaver was only talking about trying to break in during the same computer class when the first offense took place, not about the prior offenses Weaver and the warden brought to the committee's attention on remand. Because Shigemura never had notice or an opportunity to be heard on the subject of these alleged prior offenses, we cannot hold that he received all the process due under *Wolff*.

REVERSED AND REMANDED.