UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 30, 2006[*]
Decided December 21, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1258

| | |
|---|---|
| EDWARD SHIGEMURA, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 01-3260 |
| DIANE DUFT, et al., <br> *Defendants-Appellees.* | Harold A. Baker, <br> *Judge.* |

**O R D E R**

This is the second time we are reviewing an appeal in this case. In the first appeal, Edward Shigemura argued that the district court erred by granting summary judgment under 42 U.S.C. § 1983 to his Illinois jailers, whom he believed violated his due process rights by revoking good-time credits without an adequate hearing; we agreed and remanded the case for further proceedings. *Shigemura v. Duft*, 111 F.App'x 843 (7th Cir. 2004). In this appeal, Shigemura argues that the district court erred on remand by awarding him only nominal damages for the violation. This time we affirm the district court's judgment.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

After Shigemura triggered an intruder alarm in the prison's computer system, a disciplinary committee held a hearing to determine whether he abused his computer privileges and disobeyed an order by using his instructor's password to access an unauthorized network. Based on a disciplinary report and a conversation with the computer instructor, the committee found Shigemura guilty and recommended a sentence of 15 days in segregation and 30 days of lowered prison status.

After reviewing the case the warden remanded the matter back to the committee, however, because he believed that the committee was not aware that Shigemura was a repeat offender. Without notifying Shigemura, the committee spoke with the computer instructor again, who confirmed that Shigemura had committed prior offenses. The committee then decided—without hearing from Shigemura—to recommend that the sentence be increased by revoking 90 days of good-time credit and lengthening the terms of segregation and his demotion in status. Shigemura filed a grievance, which he appealed to the Administrative Review Board. The Board upheld the guilty verdict, but reinstated the original, lower sentence. Although the good-time credits were returned, it was too late because Shigemura had already been released from Illinois custody and into Missouri custody to serve out another sentence.

Shigemura sued the prison officials under § 1983 for violating his due process rights, and the district court granted summary judgment for the defendants. We reversed and remanded, however, ruling that Shigemura was entitled to a new hearing before being deprived of his good-time credits. *Shigemura*, 111 F.App'x at 846. We ruled under *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974), that he had a liberty interest in his good-time credits and the disciplinary committee should not have based a decision to revoke these credits on a claim of prior offenses without giving Shigemura notice and an opportunity to be heard. *Id.* at 845-46.

On remand, the district court determined that it was necessary to hold a jury trial to ascertain the damages for the due process violation. Prior to the trial, the parties stipulated to certain uncontested facts; specifically, the parties agreed that upon release from Illinois custody, Shigemura was immediately taken into custody by Missouri officials so that he could finish serving a longer, concurrent sentence in Missouri. Shigemura's trial testimony was consistent with the uncontested facts. He testified that he was detained by Missouri authorities immediately after his release from Illinois custody and that, because of his concurrent (but longer) sentence in Missouri, his total time in incarceration did not change as a result of his loss of good-time credits.

After the parties submitted all of their testimonial evidence, the court granted judgment as a matter of law for Shigemura, Fed. R. Civ. P. 50(a)(1). The

court reasoned, consistent with our earlier decision, that the prison had violated Shigemura's due process rights by not conducting a second hearing before revoking his good-time credits. But the court determined that because he went directly from Illinois custody to Missouri custody and because the length of his imprisonment was not affected, Shigemura could not recover compensatory damages (he made no claim for punitive damages). Accordingly, the court granted only $1.00 in nominal damages.

The court also concluded that two of the defendants were not responsible for the due process violation. Gilbert Romero, the warden of the prison in which the disciplinary hearings were held, was considered not liable because he became warden only after the good-time credits had been revoked. James Page, the warden of Stateville Correctional Center (the maximum security facility to which Shigemura had been transferred to serve his increased disciplinary penalty), was deemed not liable because he was not involved in the disciplinary proceedings.

On appeal, Shigemura first argues that the district court erred by awarding nominal damages as a matter of law, rather than allowing the jury to decide the amount. A prisoner may receive compensatory damages for a term of unlawful confinement. *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978); *Lopez v. City of Chicago*, 464 F.3d 711, 722 (7th Cir. 2006). But if an inmate whose procedural due process rights have been violated cannot show actual damages the inmate is entitled only to a nominal damage award. *Carey*, 435 U.S. at 266-67; *Gates v. Towery*, 430 F.3d 429, 431 (7th Cir. 2005). Shigemura has not offered evidence of any actual damages. He testified that he was detained by Missouri authorities immediately after being released from Illinois custody. He also acknowledged that the total length of his confinement would not have changed if his good-time credits had not been revoked. Hence, because Shigemura cannot show that he has been injured as a result of the procedural violations, the district court did not err by limiting recovery to nominal damages.

Shigemura also argues that even if the length of his time in prison was not shortened by the deprivation of due process, he is still entitled to a more significant damage award because he was forced to transfer to Stateville Correctional Center to serve the remainder of his sentence in segregation. But he is entitled only to damages that resulted from the due process violation. Although a prisoner has a liberty interest in good-time credits, *Hamilton v. O'Leary*, 976 F.2d 341, 344 (7th Cir. 1992), a prisoner does not have a similar interest in avoiding segregation. *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). An inmate's liberty interests are affected only if a deprivation imposes an "atypical and significant hardship on the inmate," *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995), which segregation ordinarily does not. Shigemura asserts that the increased disciplinary penalty led to an additional 75 days in segregation and was unduly hard. But we have held

that even 90 days in segregation at Stateville does not pose an atypical and significant hardship. *Lekas*, 405 F.3d at 612. Because Shigemura's time in segregation does not trigger any procedural due process rights, the prison's failure to conduct a second hearing did not result in a due process violation that would entitle Shigemura to damages for his time in segregation.

Finally, Shigemura argues that the district court should not have dismissed the claims against Romero and Page because they did not take any corrective actions after he was deprived of his good-time credits. But "to recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006) (quoting *Gentry v. Duckwotrth*, 65 F.3d 555, 561 (7th Cir. 1995)). And Shigemura admitted at trial that neither Romero nor Page caused the due process violation.

Accordingly, the district court's judgment is AFFIRMED.